**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

FRANK LAMAR HOLMES,

        Plaintiff,

v.                                                Case No. 3:18-cv-792-J-JRK

ANDREW M. SAUL,[1]
Commissioner of Social Security,

        Defendant.

_____

## **OPINION AND ORDER**[2]

### **I. Status**

Frank Lamar Holmes ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claim for disability income benefits ("DIB"). Plaintiff's alleged inability to work is the result of asthma, atrial fibrillation, diverticulitis, Graves' disease, bulging discs in his back, and sleep apnea. See Transcript of Administrative Proceedings (Doc. No. 11; "Tr." or "administrative transcript"), filed August 22, 2018, at 80-81, 88, 202. Plaintiff filed an application for DIB on March 10, 2015,[3]

---

      [1]      Andrew M. Saul became the Commissioner of Social Security on June 17, 2019. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Andrew M. Saul should be substituted for Nancy A. Berryhill as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

      [2]      The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 10), filed August 22, 2018; Reference Order (Doc. No. 13), entered August 23, 2018.

      [3]      Although actually completed on March 10, 2015, see Tr. at 184, the protective filing date of the DIB application is listed elsewhere in the administrative transcript as January 21, 2015, see, e.g., Tr. at 80, 88.

alleging a disability onset date of February 1, 2011. Tr. at 184. The application was denied initially, Tr. at 80-85, 86, 87, 102-04, and upon reconsideration, Tr. at 88-95, 97, 98, 106-10.

On April 24, 2017, an Administrative Law Judge ("ALJ") held a hearing, during which he heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). Tr. at 29-46. Plaintiff was forty-eight years old at the time of the hearing. See, e.g., Tr. at 80 (indicating date of birth). The ALJ issued a Decision on July 5, 2017, finding Plaintiff not disabled through the date last insured. Tr. at 16-24.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council. See Tr. at 171, 180-82. The Appeals Council received additional evidence in the form of a brief authored by Plaintiff's counsel. Tr. at 4, 5; see Tr. at 173-80, 182 (brief). On April 17, 2018, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On June 21, 2018, Plaintiff commenced this action under 42 U.S.C. § 405(g) by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff makes the following arguments: 1) "the ALJ erred in failing to consider all of [Plaintiff's] impairments in assessing his [residual functional capacity ('RFC')]," specifically his major depressive disorder; 2) "the ALJ failed to properly assess Plaintiff's [subjective] symptoms"; and 3) "the ALJ's RFC assessment is not supported by competent substantial evidence." Plaintiff's Memorandum of Law in Support of Allegations of the Complaint (Doc. No. 17; "Pl.'s Mem."), filed November 21, 2018, at 5, 6, 9 (emphasis and capitalization omitted). On January 25, 2019, Defendant filed a Memorandum in

Support of the Commissioner's Decision (Doc. No. 20; "Def.'s Mem.") addressing Plaintiff's arguments. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be affirmed.

## II. The ALJ's Decision

When determining whether an individual is disabled,[4] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 18-24. At step one, the ALJ determined that Plaintiff "did not engage in substantial gainful activity during the period from his alleged onset date of February 1, 2011 through his date last insured of September 30, 2016." Tr. at 18 (emphasis and citation omitted). At step two, the ALJ found

---

[4] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

that "[t]hrough the date last insured, [Plaintiff] had the following severe impairments: asthma, obstructive sleep apnea (OSA), atrial fibrillation status post ablation, Grave[s'] disease, and a history of left-sided cerebral vascular accident (CVA)." Tr. at 18 (emphasis and citation omitted). At step three, the ALJ ascertained that "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 18 (emphasis and citation omitted).

The ALJ determined that through the date last insured, Plaintiff had the following RFC:

> [Plaintiff could] perform light work as defined in 20 [C.F.R. § 404.1567(b), with limitations. [Plaintiff] must be provided with a sit/stand option and the ability to change position at least every 30 minutes. [Plaintiff could] balance, stoop, and climb ramps and stairs no more than occasionally. [Plaintiff could] never kneel, crouch, crawl, or climb ladders, ropes, or scaffolds. [Plaintiff could] perform overhead reaching tasks no more than occasionally and [could] handle and finger bilaterally no more than frequently. [Plaintiff] must not have concentrated exposure to extreme heat or to respiratory irritants such as dust, fumes, or gases, and must not work around moving mechanical parts or at unprotected heights. [Plaintiff] require[d] a handheld assistive device to reach the workstation but d[id] not require it at the workstation.

Tr. at 19 (emphasis omitted).

At step four, the ALJ found that "[t]hrough the date last insured, [Plaintiff] was unable to perform any past relevant work." Tr. at 22 (emphasis and citation omitted). At step five, after considering Plaintiff's age ("47 years old . . . on the date last insured"), education ("a limited education"), work experience, and RFC, the ALJ relied on the testimony of the VE and found that "[t]hrough the date last insured, . . . there were jobs that existed in significant numbers in the national economy that [Plaintiff] could have performed," Tr. at

22-23 (emphasis and citation omitted), such as "Warehouse Checker"; "Assembler, Small Products"; and "Inspector and Hand Packer," Tr. at 23. The ALJ concluded that Plaintiff "was not under a disability . . . at any time from February 1, 2011, the alleged onset date, through September 30, 2016, the date last insured." Tr. at 24 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. § 405(g). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV. Discussion

As noted, Plaintiff makes essentially three arguments: 1) the ALJ failed to consider Plaintiff's major depressive disorder in assessing the RFC; 2) the ALJ failed to properly evaluate Plaintiff's subjective symptoms; 3) the RFC determination is not supported by substantial evidence. The undersigned discusses each argument in turn.

**A. Plaintiff's Major Depressive Disorder**

Plaintiff argues he "was diagnosed with and treated for a major depressive disorder beginning in the relevant time period." Pl.'s Mem. at 6 (citations omitted). Plaintiff contends that "there is no discussion of any depressive disorder in the ALJ's findings of fact and conclusions of law" and that "this constitutes reversible error." Id. (citation omitted). Responding, Defendant asserts that Plaintiff "did not allege depression or major depressive disorder as a basis for his alleged disability, either in the documents he submitted with his claim, or at the hearing." Def.'s Mem. at 5 (citations omitted). Defendant argues that "[an] ALJ is not required to address a condition when the claimant did not allege that he was disabled due to the condition either when he filed his application or at his hearing." Id. (citations omitted).

Plaintiff's contention that the ALJ erred in failing to discuss his depressive disorder is unavailing. As Defendant accurately notes, Plaintiff did not allege any depressive disorder as an impairment when he filed his application for DIB or at the hearing before

the ALJ. See generally Tr. at 31-46, 80-85, 87, 88-95, 98, 202.[5] Accordingly, the ALJ was not required to consider or discuss Plaintiff's depressive disorder. See Duffy v. Comm'r of Soc. Sec., 736 F. App'x 834, 837 (11th Cir. 2018) (finding ALJ had no duty to consider an impairment that the plaintiff did not allege in her application for benefits or at the hearing); Sullivan v. Comm'r of Soc. Sec., 694 F. App'x 670, 671 (11th Cir. 2017) (same).

**B. Plaintiff's Subjective Symptoms**

Plaintiff argues the ALJ merely "summarized the objective medical evidence and the opinion evidence, concluding that such evidence did not establish that [Plaintiff's] impairments were [of a] disabling nature." Pl.'s Mem. at 8-9 (citations omitted). According to Plaintiff, the ALJ discounted Plaintiff's subjective symptoms "solely because the objective medical evidence does not substantiate the degree of impairment-related symptoms." Id. at 9. Responding, Defendant contends that "[t]he medical records and other evidence, as thoroughly discussed by the ALJ, support the ALJ's evaluation of Plaintiff's subjective statements . . . ." Def.'s Mem. at 7. Defendant argues that "[t]he ALJ also properly considered Plaintiff's daily activities in evaluating his subjective complaints of disabling symptoms." Id. at 9 (citation omitted).

---

[5] Although not raised by Plaintiff in his memorandum, the Court notes that in the Pre-Hearing Statement (submitted prior to the ALJ hearing), Plaintiff stated that "his medical history is . . . significant for asthma, hyperthyroidism, hypertension, hyperlipidemia, GERD and depression." Tr. at 257. Other than this isolated reference to a history of depression, however, Plaintiff made no mention of any depressive disorders. See generally Tr. at 257-58. Moreover, in the Pre-Hearing Statement, Plaintiff stated that he "suffers from multiple severe physical impairments that prevent him from being able to maintain full-time employment." Tr. at 257 (emphasis added); see also Tr. at 257 (indicating, "It is clear from the medical evidence that [Plaintiff] would be unable to return to this type of work due to the combination of his severe physical impairments" (emphasis added)); Tr. at 258 (indicating that Plaintiff "is alleging exertional limitations based on asthma, atrial fibrillation, diverticulitis, Graves' disease, bulging discs in back, and sleep apnea" and that "[t]he combination of [Plaintiff's] severe physical impairments prevents him from engaging in any substantial gainful activity on a regular and continuing basis" (emphasis added)).

- 7 -

"[T]o establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." Wilson v. Barnhart, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991)). "The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to support a finding of disability." Holt, 921 F.3d at 1223.

"When evaluating a claimant's subjective symptoms, the ALJ must consider such things as: (1) the claimant's daily activities; (2) the nature, location, onset, duration, frequency, radiation, and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) adverse side-effects of medications; and (5) treatment or measures taken by the claimant for relief of symptoms." Davis v. Astrue, 287 F. App'x 748, 760 (11th Cir. 2008) (unpublished) (citing 20 C.F.R. § 404.1529(c)(3)(i)-(vi)). To reject a claimant's assertions of subjective symptoms, "explicit and adequate reasons" must be articulated by the ALJ. Wilson, 284 F.3d at 1225; see also Dyer, 395 F.3d at 1210; Marbury v. Sullivan, 957 F.2d 837, 839 (11th Cir. 1992).

The SSA recently issued new guidance to ALJs about how to evaluate subjective complaints of pain and other symptoms. The SSA has "eliminat[ed] the use of the term 'credibility' from [its] sub-regulatory policy, as [the R]egulations do not use this term." Social

Security Ruling ("SSR") 16-3P, 2017 WL 5180304, at *2 (Oct. 25, 2017).[6] "In doing so, [the SSA has] clarif[ied] that subjective symptom evaluation is not an examination of an individual's character." Id. Accordingly, ALJs are "instruct[ed] . . . to consider all of the evidence in an individual's record when they evaluate the intensity and persistence of symptoms after they find that the individual has a medically determinable impairment(s) that could reasonably be expected to produce those symptoms." Id. "The change in wording is meant to clarify that [ALJs] aren't in the business of impeaching claimants' character; obviously [ALJs] will continue to assess the credibility of pain *assertions* by applicants, especially as such assertions often cannot be either credited or rejected on the basis of medical evidence." Cole v. Colvin, 831 F.3d 411, 412 (7th Cir. 2016) (emphasis in original).

Here, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the . . . alleged symptoms; however, the statements concerning the intensity, persistence and limiting effects of [his] symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in th[e D]ecision." Tr. at 20. The ALJ discussed Plaintiff's testimony and the medical evidence, see Tr. at 19-21, and found that "such evidence does not establish that [Plaintiff's] impairments were disabling in nature or prevented him from performing work in accordance with the [RFC] assessment . . . through the date last insured," Tr. at 21.

---

[6] There was a prior version of SSR 16-3P in place at the time of the ALJ's Decision. See SSR 16-3P, 2016 WL 1119029 (Mar. 16, 2016). The same relevant language quoted in this Report and Recommendation appears in this prior version. See id. at *1.

The ALJ's Decision reflects adequate consideration of the various factors and of Plaintiff's allegations. Contrary to Plaintiff's assertion that the ALJ provided no explanation for his finding regarding Plaintiff's subjective symptoms, the ALJ provided specific examples, summarized below. See Tr. at 21.

The ALJ correctly noted that Plaintiff's "obstructive sleep apnea has been characterized as only mild to moderate in degree[ ] and appears amenable to CPAP therapy." Tr. at 21; see Tr. at 707 (December 2014 polysomnography results and impressions); Tr. at 1589 (duplicate). As the ALJ stated, "[w]hile the record shows a history of asthma, [Plaintiff] testified at the hearing that he is able to obtain some relief from inhalers and a nebulizer." Tr. at 21; see Tr. at 33 (hearing testimony). The ALJ observed that although Plaintiff experienced a cerebrovascular accident in July 2015, see Tr. at 1651-60, treatment notes from "August 2015 show[ ] 5/5 strength in all extremities except for his left lower extremity, where strength was 4/5," Tr. at 21; see Tr. at 2028, 2032, 2035 (August 2015 treatment notes). The ALJ acknowledged that Plaintiff had "some remaining left-sided weakness and decreased sensation on his left side," but the ALJ found that "these conditions [were] not shown to be of such severity as to preclude all work." Tr. at 21; see Tr. at 728 (letter from treating physician indicating Plaintiff had residual left-sided weakness and decreased sensation); Tr at 1852 (May 2016 progress note indicating Plaintiff had residual left-sided weakness from cardiovascular accident); Tr. at 21 (ALJ discussing August 2015 letter and May 2016 progress note). Specifically, the ALJ accurately observed that Plaintiff "testified at the hearing that he remain[ed] capable of driving, washing dishes, using a microwave, and bathing independently." Tr. at 21; see Tr.

at 39-40 (testifying Plaintiff will drive if he has to, but he does not like to go anywhere; he washes his dishes; he does not need help getting dressed; and he takes a "sit-down bath"). In addition, the ALJ found, and Plaintiff does not dispute, that there is "no medical opinion of record which suggests that [Plaintiff] is disabled." Tr. at 21; see generally administrative transcript; Pl.'s Mem.

**C. RFC Determination**

Plaintiff argues his "medical records reflect that he was admitted at a hospital with chest and abdominal pain associated with his impairments, including a-fib,[ ] on numerous occasions during the relevant time period." Pl.'s Mem. at 9 (citations omitted). Plaintiff contends that "[g]iven the frequency and length of [Plaintiff's] hospitalizations, there is certainly reason to question his ability to maintain full-time employment." Id. at 10. According to Plaintiff, "there is no indication that [the ALJ] took [Plaintiff's] potential absenteeism due to his impairments into account in his assessment of [Plaintiff's] RFC." Id. Responding, Defendant asserts that "Plaintiff's speculation as to the future frequency of hospital visits is unavailing" because "Plaintiff's more recent medical records reveal[ ] that the bulk of Plaintiff's visits to St. Vincent's Family Medicine were simply follow up visits . . . ." Def.'s Mem. at 11. Defendant also contends that "the number of medical visits is not an appropriate consideration for assessing a claimant's RFC." Id. (citing Cherkaoui v. Comm'r of Soc. Sec., 678 F. App'x 902, 904 (11th Cir. 2017)).

After reviewing the ALJ's Decision as a whole and considering the entire administrative transcript, the undersigned finds that the ALJ's RFC determination is supported by substantial evidence. As noted above, the ALJ properly considered Plaintiff's statements regarding pain. The ALJ also expressly acknowledged that "[m]edical records

show multiple admissions and treatment for chest pain and abdominal pain." Tr. at 20. Although the Eleventh Circuit has rejected the argument that numerous medical appointments render a claimant disabled, Cherkaoui, 678 F. App'x at 904, the ALJ must still consider the effects of a claimant's treatment in conjunction with the other evidence of record, see SSR 96-8p, 1996 WL 374184, at *5. Here, the ALJ did so. The ALJ discussed and clearly considered Plaintiff's hospitalizations during the relevant period, see Tr. at 20, and it is not for this Court to reweigh the evidence, Cornelius, 936 F.2d at 1145.

### V. Conclusion

After a thorough review of the entire record, the undersigned finds that the ALJ's Decision is supported by substantial evidence. Accordingly, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 12, 2019.

*JAMES R. KLINDT*
United States Magistrate Judge

bhc
Copies to:
Counsel of Record